The last case on for argument is Lennox v. Miller v. Clarke. Craig Johnson Good morning. May it please the court. My name is Craig Johnson. I represent officers Brandon Clarke and Thomas Miller, and I'm here to ask this court to do what the lower court failed to do in accordance with what is now settled law concerning qualified immunity arising out of the lawful arrest of this Lennox, the plaintiff, on July 22, 2016. As I came to before you, I realized that, you know, in this point in our history, qualified immunity, the law of qualified immunity, the manner in which this Court and the Supreme Court have directed district courts to frame the clearly established law question is probably more clear at this point in our history than ever before, at least during the three decades that I've practiced. And I think I've laid that out in my brief. So what I'd like to do with my time is focus in on the public policy justifications for the immunity doctrine in the first place and talk about how that specifically applies in this case to this arrest. Scalia With due respect, what I want to focus on is whether there are facts in dispute about what occurred that would give rise, if proven, to a claim that your clients used excessive one client used excessive force and the other one stood by and let it happen. So there are two different stories around that, are there not? Miller I think there are. I think as I tried to lay out in my brief, Judge, there are a set of facts that are certainly a divergent as to, I think, two relevant facts concerning the use of force. Sotomayor All right. And those are? Miller I think the divergence in the record is the extent to which the plaintiff, when she was handcuffed, was successful in physically fleeing, pulling herself away from Officer Clark. So we have two accounts of that. Officer Clark says that she attempted to flee before he was handcuffed, and once he handcuffed her standing up, she then broke away from his grasp, at which point he took her to the ground. That's Officer Clark's view, for the purpose of this. Sotomayor And according to her, if I understand at least a view of the evidence that I think we're bound to accept, got on top of her, put weight on top of her, however that occurred. Miller Yes. And I think that's what I would say, Judge, is the second disputed fact. So the plaintiff's version is that she didn't successfully break away. He was too strong. She tried to. And so there's a dispute of facts. Secondly, as you just point out, the manner in which they, too, end up on the ground is also in dispute. The fact that a takedown and soft-hand techniques were used and nothing else, undisputed. But, yes, the manner in which the takedown was executed and where Officer Clark landed versus where the plaintiff landed, there's a divergence there. But the ---- Robertson Yes. Let me just pause you for a second. Is there undisputed factual evidence of flight or resistance? I'm still not clear on that. Miller She admitted in her deposition that she attempted to pull away, but he was too strong. She was unsuccessful in completely freeing herself. But she did admit that she was verbally resisting, noncompliant, and physically attempted to get away from him when he took her to the ground. So the fact that she attempted ---- Robertson Attempted ---- Miller Yes. Robertson ---- resistance or flight and the dispute of facts is whether the degree of success, I guess. Miller Right. Exactly. Whether she broke away. And I think if you look at page 16 and 17 of the district court's decision below, I think that's part of the erroneous reasoning of the district court below. I think if you look at that portion of the judge's decision below, she comments that the judge below that Clark outmatched her and that the officer wasn't injured and that there was no undisputed fact that she actually took flight. And I would submit that that's not the proper analysis. As this Court has instructed and the Supreme Court has instructed, the qualified immunity analysis is focused on the decision-making of the of the officer. And to suggest that he needs to wait until she injures him or wait until she completely breaks away is not, I submit, is not the proper analysis. I submit what ---- Sotomayor What standard we apply to the decision-making process for the officer is? Miller Is that at the moment in time that he decided as she's physically resisting, whether she was successful or not, what did the existing law by this circuit in the Supreme Court tell a reasonable officer in his shoes that it would violate the Fourth Amendment to take her to the ground until he gained control of her so he could transport her to the car? I think that's the question. And that question focuses on the objective facts, the undisputed facts, and what a reasonable officer would do in that instance. And as I laid out in my brief, and the Court below didn't even attempt to find a precedent that would suggest that that all ---- a reasonable officer in that circumstance ---- Alito You assign error just to the failure of the court, of the district court, to do that. You would ask us, you're asking us to assign error just to the failure of the district court to look at whether this violated clearly established law. Forget about whether it was reasonable and so on. There was no analysis about the clearly established law component of this. Fisher Yeah. Under the my limited opportunity to appeal, Judge, I'm absolutely constrained. Alito You're looking at me funny, so I don't know what's wrong with my question, but ---- Fisher Nothing. I agree with you. Alito Okay. Fisher I'm just acknowledging that, yes, of course, because I have no other ---- the jurisdictional basis for my appeal is limited to that legal question, and that's the question I'm presenting to the Court for consideration. Sotomayor Well, and I guess the corollary to it is that whether the officer's actions were reasonably compliant with existing law, whether it was reasonable for the officer to believe that what he was doing and the other officer standing by was doing was in compliance with the law at the time. Fisher Precisely. Precisely. And if I could, I ---- there are facts in dispute, we don't have jurisdiction to hear this appeal. You may still have a qualified immunity argument. You just have to proceed to get it better fleshed out at trial, and the jury may award your client qualified immunity. Fisher No. No. With all due respect, I think there is a legal question based on the undisputed argument. Sotomayor You would agree that if there are facts in dispute that bear on the reasonableness or the analysis of reasonableness, that we would be without jurisdiction because that's a factual determination that has to be made by a fact finder? Fisher I'm trying to answer your question. Sotomayor Yeah, no, I understand. Take a shot. Fisher I would say that as an abstract proposition, you're stating the law correctly. Of course. What I'm saying is that when you line up the undisputed facts that lead up to that what is disputed, I think nonetheless that this Court can and the lower court should have answered this very simple question as to Officer Clark. Alito Let me just so so I think what you're saying is that you have you're you're willing for purposes of this appeal to not to dispute a number of facts, right? Fisher Yes. Correct. Alito And based on the basic undisputed facts for purposes of appeal, you think that there is no clearly established law that would have told either of the officers, frankly, that what they were doing, the force used and the type of force, the way that it was undertaken, violated the Constitution in any way? Fisher That's absolutely my position. The court below cited none. Plaintiff's counsel couldn't identify any. And if I could just Sotomayor Well, I mean, we have all of this excessive force jurisprudence. Fisher Yes. Sotomayor So police officers know that the force they can use has to not be excessive for for the legitimate purpose they are allowed to carry out. Fisher And that's Sotomayor That's the law, right? Fisher Absolutely. Sotomayor All right. So you don't need a case on point that says, well, when somebody's fleeing away, who's got a kid with her, who's put in shackles, et cetera, because there is no case out there like that, or if there is, it's not binding on these police officers. Fisher That's absolutely true. And that's why in the motion practice below, and the judge sort of took me to task for it, in the absence of a case that would have informed Officer Clark or Miller that what they did crossed the line, if you actually look at what the Second Circuit rulings were that were available for a reasonable police officer making an arrest like that, they would suggest that their decision-making relative to use of force was absolutely comported with the Fourth Amendment. Breyer Could you talk a little bit about the more recent Supreme Court jurisprudence, Kissima and so on, or Kissima, I guess it is? Fisher The recent Supreme Court … Breyer Yes. Fisher I think as this Court has said in Cugini and Numanski, that the last three years, the Supreme Court has made very clear that this immunity doctrine needs to be That is to say, what would a reasonable officer in Officer Clark's shoes, would the conduct that he engaged in have violated the clearly established law at that moment? And the answer is no. And if I could, I know I'm over my time, but as to Officer Miller, very little consideration was given for his motion. It's undisputed. He used absolutely no force. It's undisputed that the plaintiff described the takedown as happening suddenly. There's no doubt about the fact that this is a chaotic, fluid situation, all undisputed facts. So he's 15 feet away, engaged in legitimate policing by restraining the hostile portion of the crowd that's hostile towards the plaintiff, and he has absolutely no opportunity to intervene as a matter of the undisputed fact, but more so to the extent that the lower court wanted to analyze whether or not Officer  Clark could have perceived. There's no way that Officer Miller could have perceived that. And he clearly is also entitled to qualified immunity on this record. Thank you, Judge. Thank you very much. Excuse me. Thank you very much, Mr. Johnson. We'll reserve decision in this case as well. The last two cases, United States v. Parnell and Partland-Herson v. Westchester Community College, are on submission. I'll ask the clerk, please, to adjourn court. Court is adjourned. Thank you.